## Abstract of the Decision.

SALES, § 436*—*when seller entitled to possession as against chattel mortgagee.* Where a corporation sold a piano stool and scarf to certain individuals and received their obligation to pay therefor in instalments and on default in payment the seller returned to the purchasers their obligation and took possession of the property after the purchasers gave a third party a chattel mortgage but before it was recorded, *held* in replevin by the seller against the mortgagee, who had possession of the property, that a verdict and judgment for the plaintiff was proper for the reason that neither the plaintiff nor the defendant at the time plaintiff took possession of the property had a lien thereon which was valid against other lien holders and that the defendant was not in a position to complain.

---

## William U. Halbert, Administrator, Appellee, v. Trader's Live Stock Exchange, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Bill by William U. Halbert, administrator of the estate of Frank Moonan, deceased, against Trader's Live Stock Exchange to recover the value of a certificate of membership belonging to deceased at the time of his death. From a decree finding in substance that the material allegations of the bill had been proved and that complainant was entitled to the relief prayed, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

The statement of the allegations of the bill and the sufficiency of the allegations were before the Appellate Court in 173 Ill. App. 229. The further proceedings in the cause were upon the filing of the remanding order in the court below at the November term, 1912.

WHITNEL & BROWNING, for appellant.

E. W. EGGMANN, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

1. BOARDS OF TRADE AND EXCHANGES, § 54*—*when decree awarding recovery for conversion of membership certificate sustained by the evidence.* On bill filed by an administrator of a deceased member of a live stock exchange against the exchange to recover the value of a membership certificate belonging to the deceased, alleging that the exchange wrongfully and without authority obtained possession of the certificate and canceled the same after the death of the deceased, *held* that a decree for the complainant was sustained by the evidence.

2. BOARDS OF TRADE AND EXCHANGES, § 54*—*right to maintain suit in equity for conversion of membership certificate of deceased member.* On bill by an administrator of a deceased member of a live stock exchange against the exchange to recover for the conversion of a membership certificate, *held* immaterial so far as the right to maintain the suit is concerned whether claims had been presented, filed and allowed against the estate of the deceased.

3. APPEAL AND ERROR, § 389*—*when objection that the facts proved do not show jurisdiction in chancery is waived.* On bill to recover for the conversion of a membership certificate in a live stock exchange, held that the case did not belong to the class of cases in which the court should raise of its own motion the question whether, from the facts proved, it had jurisdiction of the subject matter, but that the case belonged to that class where such a question is waived in the absence of objection in the trial court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.